United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SPREAD YOUR WINGS, LLC, et al.,

Plaintiffs,

v.

AMZ GROUP LLC,

Defendant.

Case No.  20-cv-03336-VKD

**ORDER DENYING PLAINTIFFS'
MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL**

Re: Dkt. No. 37

I.    **BACKGROUND**

Plaintiffs Spread Your Wings, LLC ("SYW"), Blossom Hill Buildings, LLC ("BHB") and
Andrew S. Dumbaya filed this action, seeking rescission of four agreements SYW and BHB
entered into with defendant AMZ Group, LLC ("AMZ").  On September 25, 2020, the Court
granted AMZ's motion to dismiss and transferred this action to the Eastern District of New York
pursuant to forum selection clauses in the agreements at issue.  Dkt. No. 28.  The Court
subsequently stayed its transfer order after plaintiffs stated that they wished to petition the Ninth
Circuit for a writ of mandamus or seek leave to file an interlocutory appeal of the September 25
decision.  Dkt. Nos. 30, 34, 38.

Now before the Court is plaintiffs' motion for certification for an interlocutory appeal.
AMZ opposes the motion.  Dkt. No. 39.  The Court considers the matter suitable for determination
without oral argument.  Civil L.R. 7-1(b); Dkt. No. 38.  Upon consideration of the moving and
responding papers, the Court denies plaintiffs' motion for certification.

## II.    DISCUSSION

Ordinarily, a party may seek review of a district court's rulings only after the entry of final judgment.  *See* 28 U.S.C. § 1291 (providing that courts of appeal "shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]").  In exceptional circumstances, however, courts may deviate from the final-judgment rule and certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b), which provides a means for a party to file an immediate appeal of a non-final order upon the consent of the district court and the court of appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Section 1292(b) provides a "narrow exception to the final judgment rule" and "requires the district court to expressly find in writing that all three § 1292(b) requirements are met."  *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  These requirements are jurisdictional, and the party seeking certification bears the burden of demonstrating that they have been satisfied.  *Couch*, 611 F.3d at 633.  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

The decision to certify an order for interlocutory appeal is a matter within the court's discretion.  *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015).  The district court may approve certification in "rare circumstances" where all three requirements are met.

2

*James*, 283 F.3d at 1067 n.6.  But even when all three certification requirements are satisfied, the court of appeals retains the discretion to reject the interlocutory appeal.  *Id*.; *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

### A.  Controlling Question of Law

With respect to the first requirement, "[w]hile Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  A controlling issue is not necessarily one that is dispositive of the litigation.  "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id*.  Examples of such "controlling" questions include "fundamental" issues concerning "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).  Issues that are collateral to the merits of an action may be the proper subject of a § 1292(b) appeal, *see In re Cement Antitrust Litig.*, 673 F.2d at 1027 n.5, and "an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter," *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).  But in any case, "'exceptional circumstances' [must] justif[y] the departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig.*, 673 F.2d at 1027 n.5.

In arguing that the September 25, 2020 order was incorrectly decided regarding the enforceability of the subject forum selection clauses preselecting courts in the state of New York, plaintiffs argue that three controlling questions of law are presented:

(1) "Whether, as a matter of law, the plaintiffs must demonstrate that New York's public policy makes New York an inadequate forum for protecting the Plaintiffs' interests because it differs from California's public policy as embodied in its Finance Lender Law."

United States District Court
Northern District of California

(2) "Whether the forum selection clause is unenforceable as a matter of law because it would effectuate a pre-trial waiver of the plaintiffs' nonwaivable right to a jury trial under California law."

(3) "Whether, as a matter of law, the Court must determine the enforceability of the agreements as a whole before addressing the forum selection clause."

Dkt. No. 40 at 9.  Although AMZ argues that plaintiffs are merely contesting the Court's application of law to the particular facts of this case, plaintiffs pose questions of law, rather than mixed questions of law and fact.  Nevertheless, plaintiffs' identified legal issues do not appear to involve anything "as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *Woodbury*, 263 F.2d at 787.  Moreover, in arguing that there is a "controlling" question of law, plaintiffs present new arguments, including issues regarding waiver of a jury trial, that they did not argue or failed to develop in briefing on AMZ's underlying motion to dismiss.[1]  To the extent plaintiffs disagree with the Court's analysis of the issues, an interlocutory appeal under § 1292(b) is not the appropriate mechanism for seeking reconsideration of the Court's ruling.  *City of San Jose v. Monsanto, Inc.*, Nos. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017).

Even assuming that plaintiffs have presented a controlling question of law, for the reasons discussed below, they have nevertheless failed to establish the remaining two requirements for certification.

## B.    Substantial Grounds for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.  *Couch*, 611 F.3d at 633.  Courts traditionally find a substantial ground for difference of opinion "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if

---

[1] Despite plaintiffs' assertions to the contrary, they did not previously present any argument based on *Brack v. Omni Loan Co.*, 164 Cal. App. 4th 1312 (2008).  Indeed, they failed to cite *Brack* at all in their papers submitted in opposition to AMZ's motion to dismiss.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  complicated questions arise under foreign law, or if novel and difficult questions of first

2  impression are presented." *Id*. (internal quotations and citation omitted).  "However, just because

3  a court is the first to rule on a particular question or just because counsel contends that one

4  precedent rather than another is controlling does not mean there is such a substantial difference of

5  opinion as will support an interlocutory appeal." *Id*. (internal quotations and citation omitted).

6      With respect to the question whether, in opposing enforcement of the subject forum

7  selection clauses, plaintiffs are required to demonstrate that New York presents an inadequate

8  forum, plaintiffs argue that a substantial ground for difference of opinion exists because in its

9  September 25 decision, the Court declined to follow *Sessions v. Prospect Funding Holdings LLC*,

10  No. 16-02620 SJO (DTBx), 2017 WL 7156283 (C.D. Cal. July 13, 2017).  Additionally, plaintiffs

11  contend that the September 25 decision is also at odds with *Bayol v. Zipcar, Inc.*, No. 14-cv-

12  02483-TEH, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014)—a case plaintiffs did not even cite in

13  opposing AMZ's motion to dismiss or transfer.  Plaintiffs' arguments fail to persuade.

14      The Court declined to follow *Sessions* because the *Sessions* court "did not consider

15  whether New York law differed from California's Finance Lender Law in ways that might make

16  New York an inadequate forum for the protection of the plaintiff's interests."  Dkt. No. 28 at 12.

17  On that point, plaintiffs have not demonstrated that the Court's September 25 decision is contrary

18  to *Bayol*.  Indeed, in concluding that enforcement of the subject forum selection clause would

19  contravene California policy embodied in California's consumer protection statutes, the *Bayol*

20  court evaluated the differences between the laws of California and Massachusetts (the preselected

21  forum) and the specific California policies that would be undermined if the case were transferred

22  to Massachusetts and decided under Massachusetts law.  *Bayol*, 2014 WL 4793935 at *4.  To the

23  extent this Court's September 25 decision is at odds with *Sessions*, plaintiffs have not

24  demonstrated that a single, non-binding decision by another district court presents a "substantial"

25  ground for disagreement as to the controlling law.  Citing *Reese v. BP Exploration (Alaska) Inc*.,

26  643 F.3d 681, 688 (9th Cir. 2011), plaintiffs maintain that "a considerable basis for a difference of

27  opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where

28  they have already disagreed."  Dkt. No. 40 at 7.  *Reese*, however, presented novel and difficult

issues of first impression, and it was in that context that the Ninth Circuit further explained that "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese*, 643 F.3d at 688 (footnote omitted). Unlike *Reese*, the present action is not a matter of first impression and does not present any novel issues. The fact that the Court declined to follow *Sessions* does not give rise to substantial grounds for a difference of opinion on this issue.

With respect to plaintiffs' arguments concerning waiver of their right to a jury under California law, they contend that the Court's September 25 decision is contrary to *Handoush v. Lease Fin. Group, LLC*, 41 Cal. App. 5th 729 (2019), another case that plaintiffs did not previously cite in opposing AMZ's motion to dismiss. And as discussed above, plaintiffs failed to develop their arguments regarding this issue in their underlying briefing on AMZ's motion to dismiss. A § 1292(b) appeal is not the proper mechanism for seeking reconsideration of the Court's decision.

As for plaintiffs' position that the Court should have first determined the merits of their claims and addressed the enforceability of the subject agreements as a whole before deciding whether the forum selection clause should be enforced, plaintiffs have provided no basis for the Court to find a substantial ground for difference of opinion on that issue exists.

Plaintiffs have not met their burden to establish that this certification requirement is satisfied.

### C.    Materially Advance the Ultimate Termination of the Litigation

"Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *Woodbury*, 263 F.2d at 787. The Ninth Circuit has noted that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)). In addressing this third requirement, courts consider the effect of a reversal on the management of the case. *Villareal*, 85

1   F. Supp. 3d at 1071.  For example, in *Reese* the litigation was sufficiently likely to be materially

2   advanced because a reversal of the legal issue on appeal could eliminate one defendant from the

3   lawsuit and remove a set of claims against the other remaining defendants.  *Reese*, 643 F.3d at

4   688.

5           Here, plaintiffs argue that certifying this matter for an immediate § 1292(b) appeal would

6   avoid potentially wasting time and resources litigating this matter to a final judgment in New

7   York, only to have the judgment reversed on appeal and the matter returned to this Court "to start

8   all over again."  Dkt. No. 40 at 8.  In plaintiffs' view, having this action proceed in this district

9   will materially advance the litigation by "providing the parties an opportunity to settle or dismiss

10  without having to wait for an appeal following final judgment."  Dkt. No. 37 at 10.  But plaintiffs

11  have not explained why that would not be true whether this action proceeds here or in New York.

12  To the extent plaintiffs contend that an immediate appeal will save time, money, and the need for a

13  trial, that would appear to be true in every case.  Moreover, it is not clear whether an immediate

14  appeal would promote efficiency inasmuch as plaintiffs seem to acknowledge that no matter how

15  this Court rules on their request for a § 1292(b) appeal, there will continue to be ongoing parallel

16  actions in federal court and in the New York state court where AMZ's contract action is pending.

17  Dkt. No. 40 at 8.

18          Plaintiffs have not met their burden to establish that this requirement for certification is

19  satisfied.

20  **III.    CONCLUSION**

21          In sum, plaintiffs have not demonstrated that this case is anything but ordinary or that the

22  circumstances warrant the extraordinary remedy of an immediate appeal under § 1292(b).  Based

23  on the foregoing, plaintiffs' motion for certification pursuant to 28 U.S.C. § 1292(b) is denied.

24          **IT IS SO ORDERED.**

25  Dated: December 4, 2020

26

27  VIRGINIA K. DEMARCHI
    United States Magistrate Judge

28